UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

JLT Aircraft Holding Company, LLC           Case No. 05-CV-898
and Walker Aircraft, LLC,

                Plaintiffs,           **FINDINGS OF FACT,
                                                            CONCLUSIONS OF LAW AND
                                                            ORDER OF JUDGMENT**
v.

Aspen Executive Air, LLC,

                Defendant.

Based on all of the records, files, memoranda of law and arguments of counsel, the Court hereby makes the following findings of fact and conclusions of law:

1.     Plaintiff JLT Aircraft Holding Company, LLC ("JLT Aircraft") is a limited liability company organized under the laws of the State of Minnesota. Its principal place of business is in St. Paul, Minnesota. Among other things, it is in the business of leasing aircraft. It owns the two Gulfstream G-200 aircraft described in this lawsuit.

2.     Plaintiff Walker Aircraft, LLC ("Walker") is a limited liability company organized under the laws of the State of Minnesota. Its principal place of business is in St. Paul, Minnesota. Among other things, it is in the business of leasing aircraft. It owns the Dassault Falcon 900B aircraft, the third airplane described in this lawsuit.

3.     Defendant Aspen Executive Air ("Aspen") is a limited liability company organized under the laws of the State of Delaware. Its principal place of business is in Aspen, Colorado. It leased the aircraft at the heart of the dispute from Walker and JLT Aircraft, respectively.

4. On or about January 26, 2004, Walker and Aspen entered into a lease agreement pursuant to which Walker leased Aspen a Dassault Falcon 900B airplane bearing Manufacturer's Serial Number 39 (the "Falcon 900B Lease"). Walker delivered the Dassault Falcon 900B No. 39 to Aspen on or about July 23, 2004. Aspen has possessed the aircraft since that date.

5. Aspen's rent under the Falcon 900B Lease for the relevant period is $127,000 per month.

6. Aspen's rent is due on the first day of each month. The Falcon 900B Lease provides for penalties for late rental payments, and states that paying the rent late is a breach of the Lease. Paragraph 12(a) of the Lease states that the failure to pay the rent or any other applicable sums when due, or the failure to cure the late payment within five (5) business days of the due date is a material breach of the Lease. Paragraph 2(b)(i) of the Falcon 900B Lease permits Walker to charge Aspen a late fee of 5% of the rent per month, and Paragraph 12(b) permits Walker to exercise several options as described in Paragraph 12 of the Lease, among other places, including but not limited to accelerating all payments due under the Falcon 900B Lease and/or terminating the Lease with written notice. Under Paragraph 20 of the Falcon 900B Lease, Walker may recover its reasonable attorney's fees associated with pursuing Aspen for the rent or any other breach of the Lease.

7. JLT Aircraft also leased aircraft to Aspen. On or about February 13, 2004, JLT Aircraft and Aspen entered into a lease agreement pursuant to which JLT Aircraft leased Aspen a Gulfstream G-200 airplane bearing Manufacturer's Serial Number 34 (the "Gulfstream G-200 No. 34 Lease"). JLT Aircraft delivered the Gulfstream G-200 No. 34

to Aspen on May 7, 2004. Aspen has possessed the aircraft since that date.

8.	Aspen's rent for the Gulfstream G-200 No. 34 during the relevant period is $128,000 per month.

9.	Aspen's rent is due on the first day of each month. Like Walker's Falcon 900B Lease, the Gulfstream G-200 No. 34 Lease provides for penalties for late rental payments, and declares late rental payments material breaches of the Gulfstream G-200 No. 34 Lease. Paragraph 12(a) of the Gulfstream G-200 No. 34 Lease states that the failure to pay the rental fee or any other applicable sums when due, or the failure to cure the late payment within five (5) business days of the due date is a material breach of the Gulfstream G-200 No. 34 Lease. Paragraph 2(b)(i) of the Gulfstream G-200 No. 34 Lease permits JLT Aircraft to charge Aspen a late fee of 5% of the rent per month, and Paragraph 12(b) permits JLT Aircraft to exercise several options as described in Paragraph 12 of the Lease, among other places, including but not limited to accelerating all payments due under the Gulfstream G-200 No. 34 Lease and/or terminating the Gulfstream G-200 No. 34 Lease with written notice. Under Paragraph 20 of the Gulfstream G-200 No. 34 Lease, JLT Aircraft may recover its reasonable attorney's fees associated with pursuing Aspen for the rent or any other breach of the Lease.

10.	The third aircraft described in this lawsuit is a Gulfstream G-200 airplane that bears Manufacturer's Serial Number 54 ("Gulfstream G-200 No. 54"), which JLT Aircraft leased to Aspen. On or about February 13, 2004 and as amended on or about April 10, 2004, JLT Aircraft and Aspen entered into a lease agreement pursuant to which JLT Aircraft leased Aspen the Gulfstream G-200 No. 54 (the "Gulfstream G-200 No. 54 Lease"). JLT Aircraft delivered the Gulfstream G-200 No. 54 to Aspen on April 11,

2004. Aspen has possessed the aircraft since that date.

11. Aspen's rent for the relevant period under the Gulfstream G-200 No. 54 Lease is $128,000 per month.

12. Aspen's rent is due on the first day of each month.

13. Like the other two leases, the Gulfstream G-200 No. 54 Lease provides for penalties for late payment of the rent and declares that late payment of the rent is a material breach of the Lease. Paragraph 12(a) of the Gulfstream G-200 No. 54 Lease states that the failure to pay the rental fee or any other applicable sums when due, or the failure to cure the late payment within five (5) business days of the due date is a material breach of the Gulfstream G-200 No. 54 Lease. Paragraph 2(b)(i) of the Gulfstream G-200 No. 54 Lease permits JLT Aircraft to charge Aspen a late fee of 5% of the rent per month, and Paragraph 12(b) permits JLT Aircraft to exercise several options as described in Paragraph 12 of the Lease, among other places, including but not limited to accelerating all payments due under the Lease and/or terminating the Gulfstream G-200 No. 54 Lease with written notice. Under Paragraph 20 of the Gulfstream G-200 No. 54 Lease, JLT Aircraft may recover its reasonable attorney's fees associated with pursuing Aspen for the rent or any other breach of the Lease.

14. In each Lease, the respective parties agreed "that all actions or proceedings arising directly or indirectly out of this Agreement shall be litigated in the United States District Court for the District of Minnesota." Aspen also is to make all rental payments to Walker and JLT Aircraft in Minnesota.

15. On February 1, Aspen's February 2005 rent under each of the Leases came due. Aspen did not make those payments on time.

16. Aspen ultimately paid the rents for February. However, it owed late fees to Walker or JLT Aircraft. It has not paid any of those late fees.

17. On March 1, Aspen's March 2005 rent under each of the Leases came due. Aspen did not make those payments on time.

18. Aspen ultimately paid the March 2005 rents for each aircraft in May 2005. However, Aspen has not paid any of the late fees it owes to Walker and JLT Aircraft for those late payments.

19. On April 1, Aspen's April 2005 rent under each of the Leases came due. Aspen paid the April 2005 rent to Walker for the Dassault Falcon 900B in May 2005. It has not made any payments to JLT Aircraft for the Gulfstream G-200 No. 34 or the Gulfstream G-200 No. 54. Aspen also has not paid any of the late fees it owes for the late payment to Walker and the lack of a payment to JLT Aircraft.

20. On May 1, Aspen's May 2005 rent under each of the Leases came due. Aspen has not made any rental payments to either Walker or JLT Aircraft for the May 2005 rents. Aspen also has not paid any of the late fees associated with the late payments.

21. On June 1, Aspen's June 2005 rent under each of the Leases came due. Aspen has not made any rental payments to either Walker or JLT Aircraft for the June 2005 rents. The fifth business day of June 2005 has now passed, and Aspen has now incurred late payments to Walker and JLT Aircraft.

22. Both Walker and JLT Aircraft have sent Aspen invoices demanding payment of all of the overdue rent, and the late fees for February 2005 through May 2005. Aspen has failed to pay the balance due in response to those invoices.

23. Plaintiffs filed a Summons and Complaint against Aspen on May 9, 2005.

They paid a filing fee of $250.00. They served Aspen with the Summons and Complaint on May 12, 2005. It cost Plaintiffs $217.18 to serve Aspen's registered agent personally in Aspen, Colorado.

24. Aspen has failed to file an Answer to Plaintiffs' Complaint to date. Aspen has not contacted Plaintiffs' counsel, and has not received an extension of time to respond to the Complaint.

25. The Clerk of Court entered a default against Aspen on June 7, 2005, at Plaintiffs' request. Plaintiffs served Aspen with their request for the Clerk to enter the default and their Motion for Default Judgment by United States mail. Aspen has not responded to either pleading.

26. Aspen is a limited liability company, and is not an infant, incompetent person or a person serving in the United States military.

## **CONCLUSIONS OF LAW**

1. This Court has jurisdiction over this action pursuant to 28 U.S.C.§ 1332 by reason of the diversity of the parties and an amount in controversy greater than $75,000.00, exclusive of interests and costs. Plaintiffs JLT Aircraft and Walker are citizens of Minnesota, and Defendant Aspen is a citizen of Delaware and Colorado. The amount currently in dispute between Walker and Aspen is $321,713.91, exclusive of interest, costs and attorney's fees, and the amount currently in dispute between JLT Aircraft and Aspen is $908,001.96, exclusive of interest, costs and attorney's fees.

2. Venue is properly laid in this district pursuant to 28 U.S.C. § 1391(a)(2), which permits venue in any district where all or part of the claim arose. A portion of the claim arose in Minnesota as Aspen is to send its payments to Minnesota, where Walker and JLT

Aircraft are located. Additionally, Aspen consented to venue in this District in each Lease.

3.  The Falcon 900B Lease between Walker and Aspen is a fully enforceable lease agreement.

4.  Walker has fully performed its obligations under the Falcon 900B Lease, by, among other things, delivering the Falcon 900B to Aspen. All conditions to payment of the February 2005 late fees, the March 2005 late fees, the April 2005 late fees, the May 2005 rental payment and late fees, and the June 2005 rental payment and late fees have been fulfilled.

5.  Aspen has materially breached the Falcon 900B Lease by failing to make the payments due for May 2005 and June 2005, and late fees due for late payments of the February 2005, March 2005, April 2005, May 2005 and June 2005 rents.

6.  Aspen's failure to make said payments has caused damage to Walker in the amount of $331,132.11 in rental payments and late fees alone. Walker also is entitled to recover $2,410.77, approximately one-half of the $4,821.55 in attorney's fees Plaintiffs have incurred in connection with this action and $233.59, one-half of the costs associated with this action.

7.  Aspen's failure to make the payments also entitles Walker to exercise several additional options as described in Paragraph 12 of the Falcon 900B Lease, among other places, including but not limited to accelerating all payments due under the Falcon 900B Lease and/or terminating the Falcon 900B Lease.

8.  The Gulfstream G-200 No. 34 and Gulfstream G-200 No. 54 Leases between JLT Aircraft and Aspen are fully enforceable lease agreements.

9. JLT Aircraft has fully performed the Gulfstream G-200 No. 34 Lease by, among other things, delivering the Gulfstream G-200 No. 34 to Aspen. JLT Aircraft also fully performed the Gulfstream G-200 No. 54 Lease by, among other things, delivering the Gulfstream G-200 No. 54 to Aspen.

10. All conditions to payment of the February 2005 late fees, the March 2005 late fees, the April 2005 rental payment and late fees, the May 2005 rental payment and late fees, and the June 2005 rental payment and late fees have been fulfilled.

11. Aspen has materially breached the Gulfstream G-200 No. 34 Lease by failing to make the April 2005, May 2005 and June 2005 payments, and by failing to pay the late fees associated with late payment of the February 2005, March 2005, April 2005, May 2005 and June 2005 payments late or not at all.

12. Aspen has materially breached the Gulfstream G-200 No. 54 Lease by failing to make the April 2005, May 2005 and June 2005 payments, and by failing to pay the late fees associated with late payment of the February 2005, March 2005, April 2005, May 2005 and June 2005 payments late or not at all.

13. Aspen's failure to make said payments has caused damage to JLT Aircraft in the amount of $939,962.06 in rental payments and late fees alone. JLT Aircraft also is entitled to recover $2,410.78, approximately one-half of the $4,821.55 in attorney's fees Plaintiffs have incurred in connection with this action and $233.59, one-half of the costs associated with this action. The Gulfstream G-200 No. 34 Lease and the Gulfstream G-200 No. 54 Lease have identical provisions in each's respective Paragraph 20 that provide for JLT Aircraft's recovery of attorney's fees from Aspen in the event that JLT Aircraft incurs such fees due to Aspen's breach of the respective Lease.

14. Aspen's failure to make the payments also entitles JLT Aircraft to exercise several options as described in Paragraph 12 of the Lease, among other places, including but not limited to accelerating all payments due under both the Gulfstream G-200 No. 34 Lease and the Gulfstream G-200 No. 54 Lease, and it may terminate either or both Leases.

15. Rule 12 of the Federal Rules of Civil Procedure requires a defendant to serve an answer on a plaintiff within twenty days of the Plaintiff's service of its summons and complaint on that defendant. *See* Fed. R. Civ. P. 12(a). Under the Federal Rules, Aspen was required to serve an answer or file a motion to dismiss the complaint by June 1, 2005. Aspen has not served or filed an answer to Plaintiffs' complaint, or served and filed a motion to dismiss Plaintiffs' complaint.

16. Due to Aspen's failure to serve and file an answer or motion to dismiss, Plaintiffs are entitled to a default judgment. Rule 55(b) of the Federal Rules of Civil Procedure authorizes this Court to enter a default judgment against Aspen where it has failed to answer the complaint or otherwise defend the action. *See id*.

17. Plaintiffs have established that Aspen has not responded to their Complaint by answering or otherwise. Aspen has not received an extension of time to respond to the Complaint.

18. None of the restrictions on entering a default judgment prescribed by the Federal Rules of Civil Procedure, such as infancy or incompetence apply. *See* Fed. R. Civ. P. 55(b) (restricting the entry of a default judgment against an infant or an unrepresented incompetent person). Likewise, the Soldiers and Sailors Civil Relief Act

9

of 1940, which protects persons in the United States armed services, is inapplicable. *See* 50 App. U.S.C. § 501 et. seq. Thus, a default judgment is appropriate here.

Based on the foregoing findings and conclusions, Plaintiffs' Motion for a Default Judgment is hereby **GRANTED**. Let judgment be entered in favor of Plaintiff JLT Aircraft Holding Company, LLC against Defendant Aspen Executive Air, LLC in the amount of $939,962.06, plus $233.59 in costs, $2,410.78 in attorney's fees, and interest. Plaintiff Walker Aircraft, LLC is entitled to damages in the amount of $331,132.11, plus $233.59 in costs, $2,410.77 in attorney's fees, and interest. Additionally, Plaintiffs may accelerate their leases, terminate their leases and avail themselves of any or all of the other relief set forth in terms of the respective lease agreements. The Court expressly retains jurisdiction over this matter and will permit Plaintiffs to amend this judgment as appropriate.

Dated: June 13, 2005                        s/ Joan N. Ericksen_____
                                                          The Honorable Joan N. Ericksen
                                                          United States District Judge